IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHANNEL CLARITY, INC. and<br>CHANNEL CLARITY HOLDINGS, LLC | )<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | )<br>)<br>) | |
| OPTIMA TAX RELIEF, LLC | )<br>) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COME the Plaintiffs, Channel Clarity, Inc., and Channel Clarity Holdings, LLC (collectively, "Channel Clarity"), by and through their attorneys, PEDERSEN & HOUPT, P.C.*,* and for their Complaint against Defendant, Optima Tax Relief, LLC ("Optima Tax"), allege as follows:

**INTRODUCTION**

1. This is a declaratory judgment action, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

2. This action seeks a declaration of non-infringement against Optima Tax and in favor of Channel Clarity.

3. Optima Tax has asserted that Channel Clarity's website, published at the domain http://www.tax-relief-experts.com/home (the "Channel Clarity Website"), infringes Optima Tax's trade dress and copyright in its website, published at the domain http://optimataxrelief.com/ (the "Optima Website"), under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under the

Copyright Act, 17 U.S.C. § 501, and has threatened legal action against Channel Clarity in connection with the same.

4. Plaintiff Channel Clarity, Inc. is an Illinois corporation. Plaintiff Channel Clarity Holdings, LLC is a Delaware limited liability company. Both plaintiffs have their principal place of business at 215 W. Ohio Street, 6th Floor; Chicago, Illinois.

5. Optima Tax is a Delaware limited liability company having its principal place of business at 3100 S. Harbor Boulevard, Suite 250; Santa Ana, California.

## JURISDICTION AND VENUE

6. This complaint arises under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*, the Lanham Act 15 U.S.C. § 1051, *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon an actual controversy between the parties. It seeks a declaration that Channel Clarity is free to operate and display the Channel Clarity Website and that the Channel Clarity Website does not infringe the Optima Website.

7. This Court has original jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Optima Tax because of its continuous and systematic contacts with the State of Illinois, including, on information and belief, its conduct of substantial and regular business therein through marketing and sales of tax relief services in Illinois.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

10. The Channel Clarity Website provides information regarding tax debt relief, counseling and assistance services to potential purchasers of such services. The Channel Clarity

Website collects contact and other relevant information from these potential purchasers and then provides this information, known as "leads," to its clients, who are providers of tax relief services. The home page of the Channel Clarity Website is attached hereto as Exhibit A.

11. The Optima Website markets tax relief services to potential purchasers of those services.

12. On information and belief, Optima Tax provides these services directly to its customers. The home page of the Optima Website is attached hereto as Exhibit B.

13. Optima Tax has claimed that the Channel Clarity Website makes unauthorized use of Optima Tax's supposed "trade dress" which can only be viewed on a page other than the home page of the Optima Website and has further implied that the Channel Clarity Website violates copyrights held by Optima Tax.

14. Specifically, Optima Tax alleges that Channel Clarity has infringed the page displayed at http://app.optimataxrelief.com/first-step/ (the "Tax Help Page").

15. This page is only viewed by consumers after they click on the "Get Tax Help" link on the home page of the Optima Website, and is attached hereto as Exhibit C.

16. Optima Tax asserts that the Channel Clarity Website infringes Optima Tax's trade dress as shown, not on its home page but on the embedded Tax Help Page, by, among other things: (i) using similar colors in a background graphic with blue on top and green on the bottom; (ii) putting the words "Tax Relief Experts" in the page's upper-left corner and a phone number in the upper-right corner; and (iii) using a dropdown menu in the center of the screen to ask a single question.

17. Optima Tax has demanded that Channel Clarity remove the Channel Clarity Website in its entirety and/or modify the elements referred to in Paragraph 11 or face legal action.

## COUNT I

## **DECLARATORY JUDGMENT OF NONINFRINGEMENT OF TRADE DRESS**

18. Channel Clarity repeats and realleges each of the allegations in paragraphs 1-17 as if fully set forth herein.

19. Optima Tax is not the owner of trade dress eligible for protection under the Lanham Act.

20. First, the elements over which it asserts protection are not inherently distinctive because they are not sufficiently arbitrary or suggestive.

21. All of the elements over which Optima Tax asserts ownership represent, both individually and collectively, general trends in web design that reflect a movement toward more simple and uncluttered website interfaces.

22. For example, simple color schemes are currently popular, with websites using only one or two colors. Financial services institutions often employ blue because it is non-invasive and associated with dependability, and green, because it is easy for the eye to process, and because it is associated with growth and wealth.

23. Optima Tax, however asserts trade dress protection for its use of blue and green.

24. Further, Optima Tax does not own protectable trade dress because all of the elements over which it claims protection are merely functional and used for the purpose of creating a simple, easy to use website interface.

25. For example, Optima Tax, a tax relief services provider, claims to have the exclusive right to use a drop down menu to ask its prospective clients about the size of their tax debt.

26. Asking this question is integral to both Channel Clarity's and Optima Tax's business.

27. Optima Tax cannot obtain trade dress in this, or any other, functional element of its website.

28. On information and belief, the Optima Website and the Tax Help Page have not acquired secondary meaning.

29. In fact, it would be impossible for them to acquire secondary meaning because the "trade dress" claimed in the Optima Website is nothing more than a collection of web design trends that are used by hundreds of companies in dozens of industries. As such, they cannot have become exclusively associated in the minds of consumers with Optima Tax.

30. There is no likelihood that consumers will be confused by the Channel Clarity Website or mistakenly believe that Channel Clarity is the source of Optima Tax's services or that the two entities are somehow affiliated.

31. The Tax Help Page is not the page that greets consumers who visit the Optima Website.

32. The actual home page of the Optima Website is not confusingly similar to the Channel Clarity Website and consumers are not, therefore, likely to be confused by the two websites.

33. Users who are not familiar with either website and who access the Tax Help Page, either by doing a search for the company or by entering the general company URL, are first directed to the Optima Website, as shown in <u>Exhibit A</u>.

34. Only then are users given the option to click on the "Get Tax Help" link and be directed to the Tax Help Page.

35. As a result, users who visit the Tax Help Page have already seen the Optima Website and have decided to seek out their services.

36. There can be no confusion among users about which website they have visited and which company is offering them the services advertised.

37. Further, both the Optima Website and the Tax Help Page prominently display Optima Tax's actual trademark, a stylized OPTIMA TAX RELIEF (and Design), U.S. Registration No. 4,391,736, on top of the page.

38. The Channel Clarity Website does not contain any mark at all, much less one that is confusingly similar to Optima Tax's.

39. Consumers are not likely to be confused because the Channel Clarity Website does not infringe the true identifier of the source of Optima Tax's services: its registered trademark.

## COUNT II

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT

40. Channel Clarity repeats and realleges each of the allegations in paragraphs 1-39 as if fully set forth herein.

41. In one of its initial communications to Channel Clarity, Optima Tax alleged that the Channel Clarity Website does "not pass the ordinary observer test." The "ordinary observer test" is a doctrine used to identify copyright infringement.

42. Accordingly, Optima Tax has at least impliedly alleged that the Channel Clarity Website infringes a copyright held by Optima Tax.

43. None of the elements of the Tax Help Page, including the blue and green background, the positioning of the company name and contact information, or the single question drop-down menu qualifies for copyright protection because none possesses the minimum level of creative originality necessary.

6

44. Optima Tax is seeking protection for design ideas, not their expression, and the Copyright Act does not protect ideas alone or ideas that cannot be separated from or are essentially merged with their expression.

45. Copyright protection of the Optima Website would be barred under the merger doctrine because there is no difference between the ideas and the expression of those ideas with respect to the elements of the Optima Website and Tax Help Page.

46. Channel Clarity did not directly copy the Tax Help Page and there is no substantial similarity between the Optima Website, including the Tax Help Page, and the Channel Clarity Website.

## **PRAYER FOR RELIEF**

WHEREFORE, Channel Clarity respectfully requests that this Court enter judgment as follows:

A. Declaring that Optima Tax is not the owner of any protectable trade dress with respect to the Optima Website or the Tax Help Page;

B. If Optima Tax does own a protectable trade dress, declaring that the Channel Clarity Website does not infringe that trade dress as shown on the Optima Website or the Tax Help Page;

C. Declaring that Optima Tax is not the owner of any copyright in the elements of the Optima Website or the Tax Help Page for which it seeks protection;

D. If Optima Tax does hold such a copyright, declaring that the Channel Clarity Website does not infringe those copyrights;

E. Declaring that Channel Clarity can continue to operate and display the Channel Clarity Website in its entirety;

F.  Declaring that Optima Tax is enjoined from making further demands and trade dress or copyright infringement allegations with respect to the Channel Clarity Website, the Optima Website and Tax Help Page;

G.  Declaring that Channel Clarity is a "prevailing party" and that this is an "exceptional case" warranting the award of attorneys' fees to Channel Clarity pursuant to 15 U.S.C. § 1117(a).

H.  Awarding Channel Clarity such other relief as the Court deems just and proper under the circumstances.

November 7, 2014

Respectfully submitted,

CHANNEL CLARITY, INC. and
CHANNEL CLARITY HOLDINGS, LLC

By their attorneys,

/s/ Stan C. Sneeringer
Stan C. Sneeringer
Vanja Vidackovic
ssneeringer@pedersenhoupt.com
vvidackovic@pedersenhoupt.com
PEDERSEN & HOUPT, P.C.
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
Tel: (312) 641-6888
Fax: (312) 261-1238